

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

CHANEL ELEASE FAISON,

        Petitioner,

  v.                           CIVIL ACTION NO. 4:13cv93
                             [ORIGINAL CRIMINAL NO. 4:12cr4-2]

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM ORDER

This matter comes before the court on the Petitioner's pro se[1] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct ("Motion"), filed on June 20, 2013.[2]

On the same day the Petitioner filed the Motion, she filed a Motion for Extension of Time to file a Memorandum in Support of her Motion for Habeas Corpus, and the court granted that motion on July 2, 2013. The Petitioner filed her Memorandum in Support on August 2, 2013, and on August 12, 2013, the court ordered the United States to file responsive pleadings to the Petitioner's Motion for Habeas Corpus. On October 8, 2013, the

---

[1] Because the Petitioner is proceeding pro se, the court liberally construes the pleadings. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2] The court accepts the Motion as effectively filed on the date the Petitioner certifies she placed it in the prison's internal mailing system, which is June 20, 2013. See Houston v. Lack, 487 U.S. 266 (1988) (articulating the "prison mailbox rule").

United States filed a Motion for Extension of Time to file its Response to the Motion for Habeas Corpus, and the court granted that motion on December 12, 2013.

On January 6, 2014, the Petitioner filed a Motion for Abeyance, requesting an abeyance "as necessary to allow petitioner to respond to the governments [sic] response to petitioners [sic] § 2255 motion." Mot. for Abeyance at 1. The United States filed its Response under seal on January 13, 2014, with a copy sent to the Petitioner. On January 28, 2014, the Petitioner mailed a letter to the court, making various arguments in support of her Motion for Habeas Corpus. On January 31, 2014, the court issued an order construing that letter as a Reply to the United States' Response, and dismissing the Motion for Abeyance as moot. Consequently, the matter is now ripe for review.

## I. Legal Standard for § 2255 Petitions

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" if a petitioner shows that the proceedings

suffered from "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The prisoner bears the burden of proving one of those grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If she satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). If the motion, however, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

In cases where a petitioner claims to have received ineffective assistance of counsel as grounds for relief, a petitioner must show by a preponderance of the evidence that (1) the attorney's performance was seriously deficient; and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray,

82 F.3d 593, 599 (4th Cir. 1996); see also Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must satisfy both parts of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

## II. Discussion

In her Motion and Memorandum in Support, the Petitioner alleges six grounds for relief. Each is considered in turn.

## A. Ground One: Ineffective Assistance of Counsel for

## Failure to Appeal

The Petitioner first argues that she received ineffective assistance of counsel because she allegedly asked her attorney, Tyrone Johnson, to file a notice of appeal, and he did not do so. Mot. at 5. In its response, the United States has included an affidavit from Mr. Johnson stating that the Petitioner never asked him to file an appeal in this case.

The court will not dispose of this claim at this juncture. "[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007).[3] The Petitioner did waive her appeal rights in Paragraph Six of the Plea Agreement filed in open court at the plea colloquy proceeding on March 19, 2012, and verified by the Petitioner under oath at

---

[3] Other circuits have held that a petitioner cannot successfully claim ineffective assistance of counsel for failing to file an appeal where, as in this case, the petitioner waived her right to appeal in a plea agreement but failed to allege the agreement is unenforceable. See, e.g., Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008). The Fourth Circuit, however, maintains that even without attacking the plea agreement itself, a petitioner can claim that counsel should have filed an appeal, despite the petitioner's waiver of her appeal rights. Poindexter, 492 F.3d at 265.

5

this proceeding. See ECF No. 30. It is not clear from her Motion and Memorandum in Support that she "unequivocally" instructed Mr. Johnson to pursue an appeal. Rather, in her original Motion, she asserts that "[p]rior to sentencing Petitioner requested trial counsel to make formal objections during the sentencing proceeding, and to file a notice of appeal." Mot. at 5. At that stage in the proceedings, there was no judgment, and so there would have been nothing to appeal. See, e.g., Flanagan v. United States, 465 U.S. 259, 263 (1984) (citing Berman v. United States, 302 U.S. 211, 212 (1937)) ("In a criminal case the [final judgment] rule prohibits appellate review until conviction and imposition of sentence."). Moreover, in her Memorandum in Support she asserts that "following her sentencing hearing, she advised her [attorney] to make objection to the presentencing report and to file a notice of appeal if such was needed," though she goes on to write that she "moved counsel to file a notice of appeal." Mem. in Supp. at 5 (emphasis added).

In accordance with the duty to construe this pro se pleading liberally,[4] the court will permit the Petitioner to raise a factual issue with respect to this claim, if she can; the Petitioner must now unequivocally state, under oath, that she made such a request for appeal to Mr. Johnson, and describe

---

[4] See supra note 1.

the facts and circumstances of such request.[5] The Petitioner has thirty (30) days from the entry of this Memorandum Order to make this submission. The court holds in abeyance a final ruling on the claim in Ground One, until the Petitioner submits an affidavit as directed, or until the time granted to do so expires.

## B. Ground Two: Ineffective Assistance of Counsel for Failure to Review Discovery

The Petitioner next argues that her counsel failed "to provide [the Petitioner] with the discovery material in order for petitioner to make a 'proper informed decision' about whether or not to plea [sic] guilty," and that "[t]here is a strong possibility that, but for counsel's error(s), petitioner would not have pleaded guilty and would have insisted on going to trial." Mem. in Supp. at 8-9. Specifically, the Petitioner argues that had she been able to review the discovery materials, she would have been able to disprove statements by an eyewitness which were used to establish probable cause for her co-defendant's arrest warrant, and consequently would not have pleaded guilty. Id.

---

[5] The court is well-aware that the Petitioner filed her Motion "under penalty of perjury" stating that it was "true and correct." Mot. at 12. However, as discussed above, her statements in the Motion were not clear, specific, and unequivocal on this claim.

Here, the Petitioner fails to show that her counsel's performance was deficient. Petitioner argues that her counsel should have requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 157 (1978), and that at such a hearing the eyewitness's testimony would have been shown to be "plainly false." Franks, however, only requires that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Id. at 155-56.

In this case, there was significant other evidence to support a finding of probable cause, aside from the witness the Petitioner seeks to discredit. This other evidence includes multiple witnesses who came forward after the surveillance video of the crime was made public, and who were willing to testify at trial that they saw the Petitioner and her co-defendant "earlier in the day wearing the same clothing as that in the [surveillance] video and are able to positively identify [the Petitioner and her co-defendant] as the suspects committing the armed robbery in the surveillance video." Statement of Facts at

2, ECF No. 32.[6] Therefore, the allegedly false statement was not necessary to the finding of probable cause, and so it was reasonable for Mr. Johnson to decline to request a <u>Franks</u> hearing on his client's behalf. The Petitioner has failed to show deficient performance by her counsel, and that failure precludes relief on this ground. <u>Strickland</u>, 466 U.S. at 700.

Moreover, even if this court were to assume that Mr. Johnson did not review the discovery materials with the Petitioner, her claim fails under the second prong of the <u>Strickland</u> test as well. The Petitioner argues that had she been allowed a chance to discredit a particular eyewitness, she would not have pleaded guilty. As noted above, however, there was an overwhelming amount of other evidence arrayed against the Petitioner, including the Petitioner's own confession and multiple witnesses willing to identify the Petitioner at trial. Consequently, the Petitioner has not shown that she was prejudiced, and so her claim fails under the second prong of <u>Strickland</u> as well. 466 U.S. at 693 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the

---

[6] The Statement of Facts was filed at the plea colloquy hearing and agreed to by the Petitioner under oath. <u>See</u> ECF No. 30.

reliability of the result of the proceeding." (citations omitted)).

## C. Ground Three: Ineffective Assistance of Counsel for Failure to Move to Suppress Evidence

The Petitioner next argues that she received ineffective assistance of counsel because her attorney did not file a motion to suppress her confession. Mot. at 8; Mem. in Supp. at 9-12. The Petitioner alleges that she was "forced and coerced into making a false confession and then forced to sign the Miranda waiver." Mem. in Supp. at 11. The Petitioner argues that her attorney should have recognized that "the facts support a motion to suppress," and that failure to file such a motion constituted ineffective assistance of counsel. Id.

There is nothing in the record to support the Petitioner's claim. In fact, the Petitioner signed and stipulated to the Statement of Facts filed in open court on March 19, 2012, which states that she agreed to speak with the detectives and makes no mention of any facts that would suggest coercion. Statement of Facts at 4, ECF No. 32.[7] With no facts in the record to support a motion to suppress, it was not unreasonable for the Petitioner's counsel to decline to file such a motion. Moreover, the Petitioner does not even allege that she told her attorney about

---

[7] See supra note 6.

10

this alleged coercion. Simply put, counsel for the Petitioner could not have made a motion to suppress with no knowledge of any facts that could support such a motion. Therefore, it was reasonable for Mr. Johnson not to move to suppress the Petitioner's confession, and the Petitioner has failed to demonstrate that his performance was deficient. This failure precludes relief on this ground. Strickland, 466 U.S. at 700.

### D. Ground Four: Prosecutorial Misconduct

The Petitioner next argues that the United States engaged in "prosecutorial misconduct" because it allegedly used "false and misleading statements on the affidavit for an arrest warrant" and that consequently she was denied due process. Mot. in Supp. at 12. Specifically, she alleges that the government used false testimony from an eyewitness as a basis for the arrest warrant. Id.

The Petitioner's allegation is the same as discussed supra, Part II.B., and as discussed therein, significant other evidence provided independent support for the issue and execution of the arrest warrant in question. Consequently, her claim has no basis in the facts of the record.

The Petitioner also asserts that she was never formally indicted by the Commonwealth of Virginia, and that "the state courts nolle prossed the state charges" for lack of evidence.

11

Mot. in Supp. at 13. It is not clear what the Petitioner is claiming in this regard, but the court notes that the outcomes of state court proceedings have no bearing on the prosecutorial decisions of the attorneys for the United States.[8]

The Petitioner also argues that the United States could not have used her confession against her because it was uncorroborated. Mot. in Supp. at 13. Once again, as discussed supra Part II.B., there was significant corroboration for her confession, including witnesses who were willing to identify her at trial. Statement of Facts at 2, ECF No. 32. Consequently, this claim is belied by the record and is without merit.

## E. Ground Five: Ineffective Assistance of Counsel for failure to Seek Dismissal of Conspiracy Charge

Next, the Petitioner alleges in her Memorandum in Support that she received ineffective assistance of counsel because her attorney failed to "file a motion to dismiss the Hobbs Act Conspiracy" charge. Mem. Supp. 13.

Counts One, Two, and Three of the Indictment, filed January 10, 2012, allege actions by the Petitioner in violation of The Hobbs Act, which is codified at 18 U.S.C. § 1951. Indictment at 1-4, ECF No. 1. At the sentencing on July 3, 2012,

---

[8] Even if the Petitioner had been brought to trial in state court, there would be no double jeopardy problem. Heath v. Alabama, 474 U.S. 82, 92 (1985) (discussing the "dual sovereignty" doctrine).

Counts One and Two of the Indictment were dismissed on a motion by the United States. Judgment at 1 (July 5, 2012), ECF No. 67. The Petitioner pled guilty to Count Three and stipulated to the supporting statement of facts.

The Petitioner's counsel chose not to move for the dismissal of charges that were already set to be dismissed by the court at sentencing, and a charge to which the Petitioner had already agreed to plead guilty. Counsel is not required to advance frivolous or irrelevant arguments, and is given significant discretion when deciding on proper defense strategy. See Strickland, 466 U.S. at 688-89. Accordingly, this decision by the Petitioner's counsel was certainly "within the wide range of reasonable professional assistance," so the Petitioner is not entitled to relief on this ground. Strickland, 466 U.S. at 689. Moreover, although the court does not need to consider whether the Petitioner has suffered prejudice, Strickland, 466 U.S. at 700, such frivolous arguments could not have changed the outcome of the proceeding, and so the Petitioner has suffered no prejudice. See id.

### F. Ground Six: Alleyene v. United States

Finally, the Petitioner argues that the Supreme Court's recent opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013), offers grounds for relief. Specifically, the Petitioner

13

alleges that the court improperly applied 18 U.S.C. § 924(c) in light of Alleyne. In Alleyne, the Court held that when a defendant is convicted at trial, "any fact that increases the mandatory minimum [sentence for a crime] is an 'element' [of the crime, not a sentencing factor,] that must be submitted to the jury." Alleyne, 133 S. Ct. at 2155.

In this case, the Petitioner pled guilty to the elements of the 18 U.S.C. § 924(c) charge, and so no determination of any of the elements of the crime by a jury was necessary; Alleyne is inapplicable on its face. Moreover, even if the facts of this case matched those of Alleyne, the Supreme Court has not made Alleyne retroactively applicable to cases on collateral review, and courts that have been presented with the question of whether Alleyne applies retroactively have found that it does not. See, e.g., Willoughby v. United States, 3:99-cr-493, 2013 WL 5220774, at 2* (W.D.N.C. Sept. 17, 2013); United States v. Condra, 1:05-cr-50, 2013 WL 4678165 at *2 (W.D.Va. Aug. 30, 2013); Muhammad v. Purdue, 5:12-cr-129, 2013 WL 4508870 at *4 (N.D.W.Va. Aug. 23, 2013).[9] Consequently, Alleyne offers the Petitioner no grounds for relief.[10]

---

[9] Moreover, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Supreme Court has decided that other Apprendi rules do not apply retroactively, implying that the Court would hold that Alleyne should not be applied retroactively either. Simpson v. United States, 721 F.3d 875,

### III. Conclusion

For the aforementioned reasons, the Petitioner's Motion is **DENIED** as to all claims except Ground One. Petitioner is **ADVISED** that she may not appeal from this Memorandum Order, until the court has resolved Ground One. Further, the court **ORDERS** the Petitioner to **SHOW CAUSE,** within thirty (30) days of the date of this Order, why Ground One should not be dismissed. If the Petitioner wishes to maintain this claim, she must file a sworn statement, under penalty of perjury, that she specifically and unequivocally asked Mr. Johnson to file a notice of appeal, and describe the facts and circumstances of such request. If no such document is filed within thirty days (30) from the date of entry of this Memorandum Order, the Motion shall be dismissed in its entirety.

---

876 (7th Cir. 2013); see also In re Payne, 13-5103, 2013 WL 5200425 at *1-2 (10th Cir. Sept. 17, 2013) (agreeing with the court in Simpson that Alleyne does not apply retroactively and that the Supreme Court would not hold that it does).

[10] In the Petitioner's Motion requesting an extension of time to file her memorandum in support, she characterizes this claim as "[w]hether counsel's failure to argue governments enhancement at sentencing constitute ineffective assistance of counsel [sic]." Mot. at 1, June 27, 2013, ECF No. 98. For the aforementioned reasons, it would have been frivolous for her counsel to argue this point, so her attorney's actions in this regard were reasonable. Consequently, Strickland offers the Petitioner no relief. Strickland, 466 U.S. at 689, 694. To the extent that sentence should be construed as a separate ground for relief, the Petitioner has offered no explanation as to what facts or law give rise to that ground.

15

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Petitioner, to Mr. Johnson, and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

March 24 , 2014

16