UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



CHANEL ELEASE FAISON,

    Petitioner,

v.                         CIVIL ACTION NO. 4:13cv93
                           [ORIGINAL CRIMINAL NO. 4:12cr4-2]

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Petitioner's pro se[1] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on June 20, 2013.[2]

## I. PROCEDURAL HISTORY

In a Memorandum Order entered March 24, 2014, the court denied the Petitioner's Motion on all claims except Ground One, which alleges that the Petitioner received ineffective assistance of counsel when her attorney, Tyrone Johnson, did not appeal her sentence, despite her request to do so. Because an attorney's failure to file an appeal, despite waiver by a

---

[1] Because the Petitioner is proceeding pro se, the court liberally construes the pleadings. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2] The court accepts the Motion as effectively filed on the date the Petitioner certifies she placed it in the prison's internal mailing system, which is June 20, 2013. See Houston v. Lack, 487 U.S. 266 (1988) (articulating the "prison mailbox rule").

defendant, may nevertheless be ineffective assistance of counsel, United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007), the court granted the Petitioner thirty days to develop the factual basis for her claim. See Mem. Order at 15.[3] The court advised the Petitioner that she could sustain the claim by filing "a sworn statement, under penalty of perjury, that she specifically and unequivocally asked Mr. Johnson to file a notice of appeal, and describe the facts and circumstances of such request." Id. On April 14, 2014, the Petitioner filed a timely response to the Memorandum Order, including a sworn statement. The final claim is now ripe for review.

---

[3] It is not clear from the Petitioner's Motion and Memorandum in Support that she unequivocally instructed Mr. Johnson to file a timely notice of appeal. In her original Motion, the Petitioner asserts that "[p]rior to sentencing Petitioner requested trial counsel to make formal objections during the sentencing proceeding, and to file a notice of appeal." Mot. at 5. At that stage in the proceedings, there was no judgment, and so there was nothing to appeal. See, e.g., Flanagan v. United States, 465 U.S. 259, 263 (1984) (citing Berman v. United States, 302 U.S. 211, 212 (1937)) ("In a criminal case the [final judgment] rule prohibits appellate review until conviction and imposition of sentence."). Moreover, in her Memorandum in Support she asserts that "following her sentencing hearing, she advised her [attorney] to make objection to the presentencing report and to file a notice of appeal if such was needed," though she goes on to write, without further elaboration, that she "moved counsel to file a notice of appeal." Mem. in Supp. at 5 (emphasis added). It is not clear from these assertions when the Petitioner requested the filing of an appeal following her sentencing.

2

## II. ANALYSIS

### A. The Petitioner Did Not Request a Timely Appeal

The Petitioner argues as Ground One that she received ineffective assistance of counsel because she allegedly asked Mr. Johnson to file a notice of appeal, and he did not do so. Mot. at 5. Her filings were not clear as to when she made the request of her attorney and whether it was an unequivocal request.[4]

"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's <u>unequivocal</u> instruction to file a <u>timely</u> notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." <u>Poindexter</u>, 492 F.3d at 265 (emphasis added). Although <u>Poindexter</u> does not require a petitioner to demonstrate that an appeal would be meritorious, <u>id.</u> at 269, or even advisable, <u>id.</u> at 273, it does place a burden on her to demonstrate that she provided unequivocal instructions to her counsel to file a timely notice of appeal. <u>See id.</u> at 265, 273.

In general, in criminal sentencings like the one at issue here, a notice of appeal must be filed within fourteen days after entry of judgment. Fed. R. App. P. 4(b)(1)(A). The court

---

[4] <u>See</u> <u>supra</u> note 3.

3

may extend the time to file a notice of appeal by no more than thirty days if, within thirty days after the time to file the notice of appeal has expired, the court finds excusable neglect or good cause. Fed R. App. P. 4(b)(4).

In her sworn response to the court's Memorandum Order, the Petitioner attaches a letter dated October 5, 2012, which she alleges she sent to her attorney, and which indicates that she is "interested in filing a direct appeal," but has been unable to "properly request this" due to his "lack of communication." Resp. to Mem. Order at 3. She also attaches a letter to the court dated November 19, 2012, in which she mentions that her mother tried several times to contact her attorney, with no response from him. Resp. to Mem. Order at 4.

The judgment the Petitioner wished to appeal was entered on July 5, 2012. Any notice of appeal filed after July 19, 2012, would have been untimely. See Fed. R. App. P. 4(b)(1)(A). Even if the court had found excusable neglect or other good cause, which it did not, it could not have extended the deadline beyond August 19, 2012. See Fed R. App. P. 4(b)(4). The Petitioner's letter to her attorney was well after the time to appeal had expired. Consequently, the Petitioner's letter cannot constitute an "unequivocal instruction to file a timely notice of appeal." Poindexter, 492 F.3d at 265.

4

### **B. Absence of Consultation Warrants No Relief**

The court also considers whether the Petitioner has articulated a viable claim that Mr. Johnson rendered ineffective assistance of counsel by failing to consult with the Petitioner after the sentencing hearing. The court once again construes the Petitioner's assorted pleadings liberally.[5]

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance "fell below an objective standard of reasonableness," and that the petitioner was thereby prejudiced, meaning that in the absence of such deficient performance, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The first prong of Strickland requires counsel to consult with the client about the decision to file an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Reviewing courts must examine the totality of the circumstances; attorneys have no per se constitutional duty to

---

[5] See supra note 1.

5

consult with defendants about appeals. Id.; see also United States v. Cooper, 617 F.3d 307, 312 (4th Cir. 2010).

As discussed supra Part II.A., the Petitioner did not "reasonably demonstrate[] to counsel that [she] was interested in appealing," so the second basis for relief under Flores-Ortega does not apply here. See 528 U.S. at 480. The court, therefore, analyzes the first basis to determine whether Mr. Johnson was required to conduct follow-up consultation with the Petitioner.

The Fourth Circuit has endorsed a multi-factor test to "determin[e] whether a rational defendant would have wanted to appeal." Cooper, 617 F.3d at 313. In addition to the presence or absence of nonfrivolous grounds for appeal, see Flores-Ortega, 528 U.S. at 480, relevant factors include "whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights." Cooper, 617 F.3d at 313 (citing Flores-Ortega, 528 U.S. at 480).

The fact that the Petitioner pled guilty pursuant to a freely negotiated plea agreement weighs heavily against relief. See Flores-Ortega, 528 U.S. at 480 ("Although not determinative, a highly relevant factor in this inquiry will be whether the

conviction follows a trial or a guilty plea . . . because a guilty plea reduces the scope of potentially appealable issues . . . ."). Moreover, the Petitioner waived her right to appeal any sentence within the statutory maximum in Paragraph Six of the Plea Agreement, so that factor tilts against the Petitioner as well. See ECF No. 31.[6]

Additionally, the Petitioner received a favorable sentence, under the circumstances. The Guidelines range was initially calculated as 141 to 155 months. At sentencing, the court recalculated the Guidelines range as 121 to 130 months, and sentenced the Petitioner to 108 months, a term even less than the corrected Guidelines range. The Petitioner cannot claim that she was denied the benefit of her plea bargain. Cooper, 617 F.3d at 314 (denying relief when the sentence could be described as "the best possible outcome under the circumstances," where the petitioner received a sentence at the low end of the Guidelines range). Finally, although the Petitioner raised several issues in her Motion, as the court noted in the court's Memorandum Order, none of these grounds had merit, and the court sees no apparent grounds for appeal in this case.

---

[6] The Petitioner also voluntarily waived her right to appeal under oath after full disclosure and review of the plea agreement during the plea colloquy. ECF No. 30.

Taken together, these factors compel the conclusion that Mr. Johnson's performance was not constitutionally deficient. The Petitioner's failure to show deficient performance independently precludes relief. See Strickland, 466 U.S. at 700.

### III. CONCLUSION

For the reasons stated herein, and in the Memorandum Order of March 24, 2014, the Petitioner's claim in Ground One is **DISMISSED**, and the Motion is **DENIED** in its entirety.[7] The Petitioner is **ADVISED** that she may appeal from this Final Order by forwarding a written notice of appeal, within sixty (60) days of the date of entry of this Final Order, to the Clerk of the United States District Court, United States Courthouse, 2400 West Avenue, Suite 100, Newport News, Virginia, 23607. For the reasons stated herein, and in the Memorandum Order of March 24, 2014, the court declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Final Order to the Petitioner, to Mr. Johnson, and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

April 18, 2014

/s/
Rebecca Beach Smith
Chief
United States District Judge

---

[7] The Motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief, and so no hearing is required. See 28 U.S.C. § 2255(b); United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964).